**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1149**

_____

JAMES B. LLOYD, JR.; KIMBERLY LLOYD,

                                    Plaintiffs - Appellants,

        versus

GENERAL MOTORS CORPORATION,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Cameron McGowan Currie, District
Judge.   (0:05-cv-01495-CMC)

_____

Submitted:  September 11, 2006      Decided:  September 28, 2006

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mandy D. Powers-Norrell, NORRELL & POWERS-NORRELL, LLC, Lancaster,
South Carolina, for Appellants. Robert D. Hays, Franklin P.
Brannen, Jr., Jennifer A. Simon, KING & SPALDING, LLP, Atlanta,
Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James B. Lloyd, Jr., and Kimberly Lloyd appeal a district court order granting summary judgment to General Motors Corporation ("GMC"), dismissing their products liability claim and denying their motion for an extension of time to supplement the expert's disclosures. On appeal, the Lloyds assert there was a genuine issue of material fact with respect to their claim. The Lloyds further assert the district court's order granting summary judgment was premature and the order denying their motion for an extension of time to supplement the expert's disclosure was an abuse of discretion. Finding no error, we affirm.

The grant or denial of summary judgment is reviewed de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof. Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 247-49. In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Id., 477 U.S. at 255.

We find the Lloyds failed to contradict in any fashion GMC's expert opinion that the air bag functioned properly. The Lloyds' evidence regarding the speed of the vehicle at time of impact was tenuous at best.

- 2 -

We further find the district court's order granting summary judgment was not premature. The Lloyds should have filed an affidavit under Rule 56(f) of the Federal Rules of Civil Procedure stating the reasons why they had not had a chance to complete discovery. <u>Harrods v. Sixty Internet Domain Names</u>, 302 F.3d 214, 244-45 (4th Cir. 2002).

We further find the district court did not abuse its discretion in denying the Lloyds' motion for an extension of time in which to supplement the expert's disclosures. <u>See</u> <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003) (stating standard of review). The Lloyds waited for nearly six weeks after the report was due to seek an extension of time. Absent extraordinary circumstances, the district court properly denied the motion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>